In re ARCTIC ENTERPRISES, INC., Arctic Industries, Inc., Scorpion Industries, Inc., The Get Away, Inc., Arctic Marine, Inc., Arctic Marine Products, Inc., Arctic Recreational Products, Inc., Arctic Sports Products, Inc., Arctic Lund, Inc., Arctic International Sales Corp., Debtors.

ARCTIC ENTERPRISES, INC., Arctic Industries, Inc., Scorpion Industries, Inc., The Get Away Inc., Arctic Marine, Inc., Arctic Marine Products, Inc., Arctic Recreational Products, Inc., Arctic Sports Products, Inc., Arctic Lund, Inc., and Arctic International Sales Corp., Plaintiffs,

v.

FOX LAKE HARBOR and State Bank of Antioch, Defendants.

Bankruptcy No. 3–81–00280.
Adv. No. 81–0266.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Feb. 25, 1982.

---

Robert V. Atmore of Lindquist & Vennum, Minneapolis, Minn., for plaintiffs.

Stephen A. Bard of Bard & Bard, Ltd., Minneapolis, Minn., for defendant, Fox Lake Harbor.

James H. Levy of Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, Minn., for defendant, State Bank of Antioch.

JACOB DIM, Bankruptcy Judge.

At the pretrial conference, it was stipulated by the parties that the essential facts were undisputed and the parties submitted briefs on the legal issues raised thereby. Based on the facts as stipulated and on the papers and records herein, the Court makes the following:

## FINDINGS OF FACT

1. The plaintiff filed for relief under chapter 11 of the Bankruptcy Code on February 17, 1981.

2. The plaintiff, prior to its filing for relief, established a "Dealer Rebate Program" which program was designed to pay $200.00 to dealers for each snowmobile sold by those dealers. Accordingly, the dealers were required to lower the price of the snowmobiles $200.00, so that inventory would turn over faster.

3. While this program was in operation, the defendant Fox Lake Harbor, as a participating dealer, accumulated a credit balance with the plaintiff in the total amount of $8,976.47.

4. After the filing for relief on February 17, 1981, the plaintiff told its dealers that future purchases would be on a cash or certified check basis only. The plaintiff specifically informed the defendant, Fox Lake Harbor, of this policy in July, 1981 when the defendant called to inquire about purchasing snowmobiles.

5. On July 22, 1981, the defendant, Fox Lake Harbor, came to the plaintiff to purchase $9,900.00 in merchandise. The defendant, Fox Lake Harbor, presented an uncertified check to pay for the merchandise.

6. The plaintiff, in order to assure the check would be good, called the defendant, State Bank of Antioch, upon whom the check was drawn. The plaintiff was informed that the check was good and would be honored when presented.

7. After taking the goods, the defendant, Fox Lake Harbor, stopped payment on the check by requesting the defendant State Bank of Antioch not to honor the check.

8. It is the contention of the defendant, Fox Lake Harbor, that the plaintiff fraudu-

lently induced the defendant to participate in the Dealer Rebate Program by promising to maintain a separate fund for payments to the dealers. As a result of the plaintiff's alleged fraud, the defendant asserts a right to set off the amount of credit earned under the program against the amount owed for the goods purchased on July 22, 1981.

9. It is the contention of the plaintiff that the defendant, State Bank of Antioch, guaranteed payment of the check over the telephone and could not legally refuse to pay the check when presented.

### CONCLUSIONS OF LAW

1. The debt owed by the plaintiff, Arctic Enterprises, Inc. to the defendant, Fox Lake Harbor, in the amount of $8,976.47 arose prior to the filing of the petition for relief under chapter 11 of the Bankruptcy Code.

2. The debt owed by the defendant, Fox Lake Harbor, to the plaintiff, Arctic Enterprises, Inc. in the amount of $9,900.00 arose after the filing of the petition.

3. The right of the defendant, Fox Lake Harbor, to offset its debt against the debt owed by the plaintiff is governed by 11 U.S.C. § 553(a).

4. In order to offset these debts, the debts must be mutual. Mutual debts are debts; one owed by one party to a second, and another owed by the second party to the first.

5. The filing of a petition for relief creates an estate consisting of all the assets and properties of the debtor, 11 U.S.C. § 541. The estate is a separate and distinct entity from the debtor.

6. The plaintiff, Arctic Enterprises, Inc., was a debtor in possession and under 11 U.S.C. § 1107(a), the plaintiff had all the rights and duties of a trustee. These rights include the right to conduct business under 11 U.S.C. § 1108.

7. When the defendant, Fox Lake Harbor, purchased merchandise in July, 1981, it did not deal with the debtor but with the debtor's estate. This estate is not the same party as the debtor. Consequently, the debts were not mutual.

8. The defendant, Fox Lake Harbor, cannot offset its prepetition claim against the debtor against the debt it owes to the estate. Lacking mutuality, the provisions of 11 U.S.C. § 553(a) do not apply.

9. No party briefed the issue of the liability of defendant, State Bank of Antioch, on its alleged guaranty. The defendant, State Bank of Antioch, did by letter assert that it did not guarantee payment of the check. No answer or brief was filed by the defendant.

10. As a matter of settled statutory and case law, this Court must conclude that there was no guaranty by the defendant, State Bank of Antioch, of the check of the defendant, Fox Lake Harbor. A guaranty of another's indebtedness requires a writing signed by the guarantor. There was no such writing signed by the defendant, State Bank of Antioch.

11. The guaranteeing of a negotiable instrument, such as the check in the present case, is governed by Article 3 of the Uniform Commercial Code as adopted by the State of Minnesota, MSA § 336.3–101 et seq. Specifically § 336.3–410 sets forth the requirements for acceptance by the drawee and requires the drawee's signed enforcement. *Bohlig v. First National Bank in Wadena*, 233 Minn. 523, 48 N.W.2d 445 (1951).

12. There was no guaranty by the State Bank of Antioch of the check or indebtedness of the defendant, Fox Lake Harbor.

Now Therefore, IT IS ORDERED and ADJUDGED that:

1. The plaintiff, Arctic Enterprises, Inc., is entitled to judgment in the amount of $9,900.00, together with interest and costs against the defendant, Fox Lake Harbor.

2. The counterclaim of the defendant, Fox Lake Harbor, against the plaintiff, Arctic Enterprises, Inc. is hereby dismissed.

3. The complaint by the plaintiff, Arctic Enterprises, Inc., against the defendant, State Bank of Antioch, is dismissed with prejudice.

LET JUDGMENT BE ENTERED AC-CORDINGLY.